CRAWFORD, Chief Judge
(dissenting):
Even assuming Captain Burke’s newspaper article should have disqualified the staff judge advocate and convening authority, I would conclude that any error in this case was harmless.
Pursuant to his pleas, Appellant was convicted of wrongfully using a government computer to access the Internet and display pornography and sexually explicit material. Appellant also pleaded guilty to dereliction of his duties as a hospital respiratory technician on two occasions. On the first occasion, February 19, 2000, Appellant failed to give the appropriate medication to his patients to allow them to breathe. On the second occasion, February 23, 2000, Appellant placed a tight-fitting mask over a patient’s mouth and nose to assist the patient’s breathing, but failed to verify the presence of supplemental oxygen. In less than five minutes, an alarm went off indicating the patient’s oxygen had fallen below 90%. Letters of counseling excluded from evidence showed that Appellant had also improperly performed his duties as a hospital technician in April and June 1999, and had previously received nonjudicial punishment for three assaults, drunk and disorderly conduct, and communicating a threat.
Based on the information contained in the record, including the serious offenses described above, it is extremely unlikely that a new staff judge advocate or convening authority would have granted Appellant any relief. For these reasons, I conclude that any error in failing to disqualify the staff judge advocate and convening authority was harmless.